IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MELVYN BENNETT | : | |
| | : | |
| v. | : | CIVIL NO. CCB-08-2874 |
| | : | |
| BALTIMORE BEHAVIORAL HEALTH, | : | |
| INC., ET AL. | : | |

. . . . oo0oo . . . .

**<u>MEMORANDUM</u>**

Melvyn Bennett, representing himself, filed a complaint in this court on October 28, 2008, against his former employer, Baltimore Behavioral Health, Inc. ("BBH"), and several employees of BBH, alleging that his termination on June 16, 2008 constituted discrimination on the basis of age (and possibly disability.) He attached a charge of discrimination filed with the EEOC which alleged retaliation from June 9 to June 16, 2008 based on a prior complaint about "the manner in which I was being scheduled," citing to the Americans with Disabilities Act. (Compl., Attachment 1). The EEOC did not find any violation. (*Id.* Attachment 2).

Now pending is a motion by BBH and the individual defendants[1] to dismiss or for summary judgment. Both sides have submitted materials outside the pleadings, so the motion will be treated as one for summary judgment and will be granted. No oral argument is necessary.

Both the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.* ("ADEA") provide remedies for employees who are fired because of discrimination based on age or disability, or retaliation for complaining about age or disability discrimination. It is abundantly clear that Mr. Bennett believes he was terminated unfairly from his job as a driver with BBH because of his history of

---

[1] One individual defendant has not been served.

1

complaining to management about various scheduling and work-related issues. *See*, *e.g.*, Pl.'s Response, Argument at 8. Mr. Bennett agrees that the event precipitating his discharge on June 16, 2008, was his failure to respond to a radio call made at a time when his supervisor was relatively close to his vehicle, could herself hear the radio, and yet observed Mr. Bennett fail to respond. The fact that the unemployment insurance hearing examiner believed Mr. Bennett's testimony that he did not hear the call, and therefore found no misconduct that would disqualify Mr. Bennett from receiving benefits (Compl., Attachment 3), in no way supports a conclusion that the firing was based on unlawful age or disability discrimination.

In short, while Mr. Bennett cites relevant cases, *e.g. Kubicko v. Ogden Logistics Services,* 181 F.3d 544 (4th Cir. 1999), *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191 (4th Cir. 1997), he fails to allege in his complaint or proffer in any of his exhibits any evidence that this firing was based on his age or on any condition that would constitute a disability under the ADA. Accordingly, there is no basis on which this court could grant relief.

A separate Order follows.


| | |
|---|---|
|  February 18, 2010 |      /s/      |
| Date | Catherine C. Blake |
| | United States District Judge |